**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26091-CIV-DAMIAN**

**LUIS EDUARDO SALVO RODRIGUEZ**,

Petitioner,

v.

**WARDEN, KROME NORTH SPC, *et al.***,

Respondent.
______________________________________________/

**ORDER TO SHOW CAUSE**

**THIS CAUSE** is before the Court on Petitioner, Luis Eduardo Salvo Rodriguez's ("Petitioner"), Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Petition")], filed September 3, 2026.

THE COURT has reviewed the Petition and the record in this case and is otherwise fully advised. Petitioner challenges his detention at the Krome North Service Processing Center in Miami, Florida, and alleges, in relevant part, that his continued detention by immigration officials is unlawful. *See generally* Pet.

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). The Eleventh Circuit has made clear that "[t]he petition for writ of habeas corpus is the sole remedy for petitioners challenging the fact or duration of their imprisonment." *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015); *see also Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973)). Upon entertaining a § 2241 habeas corpus petition, a court "shall forthwith award the writ of habeas corpus or issue an order directing the respondent to show cause why the writ should not be granted . . . . The writ[] or order to

show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." 28 U.S.C. § 2243. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. On or before **September 22, 2026**,[1] Respondents shall file a memorandum of fact and law ("Response") to show cause why the Petition should not be granted and shall file all documents and transcripts necessary for resolution of the Petition.

2. Counsel for Respondents are instructed to caption the response a "Response" and not a "Motion to Dismiss."

3. Petitioner may, but is not required to, file a reply within **seven (7) days** after Respondents file their response. Any such reply shall not exceed ten (10) pages. *See* S.D. Fla. L.R. 7.1(c).

**DONE AND ORDERED** in the Southern District of Florida this 17th day of September, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: **Luis Eduardo Salvo Rodriguez**, *Pro se*
A# 236-415-295
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

[1] This Court finds good cause to extend the deadline for a Response beyond the three days set forth in the statute.